WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
DANIEL P. MUINO (CA SBN 209624)
DMuino@mofo.com
DAISY DANIELLE COLEMAN (CA SBN 248456)
DColeman@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
BAYER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| San Francisco Technology Inc.,<br><br>                Plaintiff,<br><br>   v.<br><br>Bayer Corporation,<br><br>                Defendant. | Case No.:  CV10-03246 JF PVT<br><br>Judge:    Hon. Jeremy Fogel<br>Date:     January 20, 2011<br>Time:     1:30 p.m.<br>Courtroom:  3, 5th Floor<br><br>**DEFENDANT BAYER CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Complaint Filed:  July 26, 2010 |

1

## NOTICE OF MOTION

2      PLEASE TAKE NOTICE that on January 20, 2011 at 1:30 p.m., before the Honorable

3  Judge Jeremy Fogel, at the United States District Court for the Northern District of California,

4  280 South 1st Street, San Jose, California 95113, Defendant Bayer Corporation ("Bayer"), by and

5  through its counsel of record, will move the Court pursuant to Federal Rules of Civil Procedure

6  12(b)(6), 9(b), and 8(a) for an Order dismissing the Complaint of Plaintiff San Francisco

7  Technology Inc. ("SF Tech") against Bayer.

8

## RELIEF REQUESTED

9      Bayer requests dismissal of SF Tech's Complaint against Bayer because SF Tech's

10  Complaint does not meet the standards of Rules 9(b) or 8(a) for pleading the intent element of a

11  false patent marking claim.  This Motion is based upon the following Memorandum of Points and

12  Authorities and documents in support thereof, the pleadings and the papers on file in this action,

13  and upon such other oral argument and documentary evidence as may be presented at the hearing

14  of this Motion.[1]

15

16

17

18

19

20

21

22

23

24

25

26

---

27  [1] Simultaneous with the filing of this motion, Bayer has also filed a motion to transfer venue.

28

BAYER'S MOTION TO DISMISS
CASE NO. CV 10-03246 JF PVT
sf-2927763

ii

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3          In this action, Plaintiff San Francisco Technology Inc. ("SF Tech") alleges that Bayer and

4    other defendants violated the false patent marking statute, 35 U.S.C. § 292, which imposes

5    penalties for marking "unpatented" articles with the numbers of United States patents with the

6    intent to deceive the public.  SF Tech joins a growing number of plaintiffs that have brought

7    claims under 35 U.S.C. § 292 alleging false marking because certain now-expired patent numbers

8    appear on packaging containing the defendants' products.  The recent wave of lawsuits appears to

9    be the result of *The Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295 (Fed. Cir. 2009),

10   which interpreted 35 U.S.C. § 292(a)'s penalty of "not more than $500 for every such offense" to

11   mean up to $500 for each article marked, as opposed to counting multiple articles as a single

12   offense.

13         35 U.S.C. § 292(a) states, "[w]hoever marks upon, or affixes to, or uses in advertising in

14   connection with any unpatented article, the word 'patent' or any word or number importing that

15   the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than

16   $500 for every such offense."  35 U.S.C. § 292(b) provides that "[a]ny person may sue for the

17   penalty, in which event one-half shall go to the person suing and the other to the use of the

18   United States."

19         SF Tech's Complaint alleges that Bayer marked one of its products with an expired patent

20   number.  (*See* Compl. (Dkt. No. 1) ¶ 59.)  Based solely upon information and belief, SF Tech

21   contends that Bayer decided to mark the product at issue after the patent expired and that the

22   product was marked "to induce the public to believe that such a product is protected by each

23   patent listed."  (*Id.* ¶¶ 60-61.)

24         The scant allegations in SF Tech's Complaint regarding an alleged intent to deceive the

25   public do not meet the pleading standards of Federal Rules of Civil Procedure 9(b) and 8(a).

26   **II.     STATEMENT OF THE ISSUES TO BE DECIDED**

27         Whether SF Tech pleaded violations of 35 U.S.C. § 292(a) with sufficient particularity

28   under Federal Rule of Civil Procedure 9(b) or with sufficient factual content under Rule 8(a).

III.     **SF TECH'S ALLEGATIONS AGAINST BAYER**

SF Tech's Complaint contains only six short paragraphs directed at Bayer, including jurisdictional information.  SF Tech alleges that:

- Bayer makes and sells Ketostix® Reagent Strips for Urinalysis;

- Bayer marks the packaging for the Ketostix strip products with
  U.S. Patent No. 4,147,514;

- U.S. Patent No. 4,147,514 expired no later than 11/22/1997; and

- Bayer's products are being sold in retail in 2010 and are marked with
  the expired patent number.

(*See* Compl. ¶¶ 58-61.)  Then, based solely on information and belief and without any supporting factual allegations, SF Tech further alleges that Bayer made decisions to mark its product after the expiration of the patent and that it did so to induce the public to believe the product is protected by the patent.  (*Id.* ¶¶ 60-61.)  There are no factual allegations regarding when the products were manufactured, when the product packaging design was created, or precisely where the accused products were sold.  SF Tech does not plead any specific facts to show intent by Bayer to deceive the public.

IV.      **ARGUMENT**

SF Tech's Complaint fails to sufficiently plead intent to deceive the public, which is a required element of a false patent marking claim either under the heightened pleading standard of Rule 9(b) or even under the liberal pleading standard of Rule 8(a).

**A.      SF Tech Failed to Sufficiently Plead Intent to Deceive Under Rule 9(b).**

The heightened pleading requirement of Rule 9(b) should be applied to SF Tech's Complaint, and the Complaint should be dismissed for failure to comply with Rule 9(b).  The Federal Circuit's recent ruling in *Pequignot* confirmed that false patent marking is a fraud-based claim.  *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010) ("'the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a *fraudulent intent*'") (emphasis added) (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)); *see also London v. Everett H. Dunbar Corp.*, 179 F. 506, 508 (1st Cir. 1910) ("the statute [a predecessor of Section 292] must be read as making the *fraudulent purpose of intent to deceive* the public the gravamen of the offense, and the marking as the overt act whereby the intent is made manifest") (emphasis added).

Furthermore, in *Stauffer v. Brooks Brothers*, the Federal Circuit suggested that Rule 9(b)'s heightened pleading standard applied.  After finding that *qui tam* plaintiffs have standing to bring a false marking suit on behalf of the United States, the Federal Circuit remanded the case with these specific instructions:

> We remand for the court to address the merits of the case, including Brooks Brothers' motion to dismiss pursuant to Rule 12(b)(6) "on the grounds that the complaint fails to state a plausible claim to relief because it fails to allege an 'intent to deceive' the public—a critical element of a section 292 claim—with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed" by Rule 9(b).

*Stauffer v. Brooks Brothers*, No. 2009-1428 *et al.*, 2010 U.S. App. LEXIS 18144, at *19 (Fed. Cir. Aug. 31, 2010) (quoting *Stauffer v. Brooks Bros.*, 615 F. Supp. 2d 248, 251 n.1 (S.D.N.Y. 2009)).

Additionally, district courts in the Ninth Circuit have held that false marking claims sound in fraud and must be pled with particularity under Rule 9(b).  *See Juniper Networks v. Shipley*, No. 09-0696 SBA, 2009 U.S. Dist. LEXIS 40978, at *4 (N.D. Cal. May 14, 2009) ("The false marking statute [i.e., 35 U.S.C. § 292] is a fraud-based claim, which is subject to the pleading

requirements of Federal Rule of Civil Procedure 9(b)."); *Shizzle-Pop, LLC v. Wham-O, Inc.*, No. 10-3491 PA, 2010 U.S. Dist. LEXIS 86924, at *10 (C.D. Cal. Aug. 2, 2010) (applying Rule 9(b) and stating "a number of courts have held that Rule 9(b) applies to patent mismarking claims because they 'sound in fraud'") (citation omitted); *U.S. ex rel. Hallstrom v. Aqua Flora, Inc.*, No. 2-10-cv-01459-FCD-EFB, 2010 U.S. Dist. LEXIS 113025, at *14 (E.D. Cal. Oct. 15, 2010) ("[T]he court concludes that the false marking statute requires an intent to deceive, and thus, sounds in fraud.").

Likewise, a number of district courts in other circuits have applied Rule 9(b) to false marking claims. *See, e.g., Advanced Cartridge Techs., LLC. v. Lexmark Int'l Inc.*, No. 8:10-cv-486-T-23TGW, 2010 U.S. Dist. LEXIS 65047, at *3 (M.D. Fla. June 30, 2010) ("'The false marking statute is a fraud-based claim, which is subject to the pleading requirements of' Rule 9(b), Federal Rules of Civil Procedure") (quoting *Juniper Networks*, 2009 U.S. Dist. LEXIS 40798, at *4); *Hollander v. Etymotic Research, Inc.*, No. 10-526, 2010 U.S. Dist. LEXIS 71071, at *18 (E.D. Pa. July 14, 2010) ("The Court is persuaded by the law of other district courts holding that false marking claims are fraud-based claims subject to Rule 9(b)'s heightened pleading standards"); *Simonian v. Cisco Sys., Inc.*, No. 10 C 1306, 2010 U.S. Dist. LEXIS 76582, at *3 (N.D. Ill. July 29, 2010) ("[S]ince 'intent to deceive' is an element of a false patent marking claim, [plaintiff's] complaint sounded in fraud, and thus, [plaintiff's] claim needed to be pled with particularity pursuant to Rule 9(b)."); *Brinkmeier v. BIC Corp.*, No. 09-860-SLR, 2010 U.S. Dist. LEXIS 87656, at * 27 (D. Del. Aug. 25, 2010) ("The court agrees . . . that the heightened pleading standard of Rule 9(b) applies to section 292 claims."); *McNamara v. Natural Organics, Inc.*, No. 10 C 3544, 2010 U.S. Dist. LEXIS 90548, at * 2-3 (N.D. Ill. Sept. 1, 2010) ("To begin with, this Court aligns itself with those courts that have applied Fed. R. Civ. P. ('Rule') 9(b) standards to Section 292(b) complaints."); *Josephs v. Federal-Mogul Corp.*, No. 10-10617, 2010 U.S. Dist. LEXIS 100535, at *5 (E.D. Mich. Sept. 23, 2010) ("As such, § 292 is a fraud-based claim and Rule 9(b) applies.").

The Federal Circuit has provided guidance on the Rule 9(b) pleading requirements in other instances where patent law requires a claimant to prove intent to deceive, namely

inequitable conduct.  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).

A party alleging that a patent was obtained through inequitable conduct must show, among other

things, that the patentee acted "with intent to deceive" the Patent and Trademark Office.

*Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988).  The

*Exergen* decision clarified that pleading an intent to deceive must conform to Rule 9(b)'s

stringent requirements and that conclusory pleading will not suffice.  575 F.3d at 1326-27.  The

Federal Circuit held that although Rule 9(b) permits "intent" to be averred generally, in order to

state a claim "the pleadings [must] allege sufficient underlying facts from which a court may

reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327.  The heightened

requirement of Rule 9(b) mandates that "the pleadings contain explicit rather than implied

expression of the circumstances constituting fraud." *Id.* (citation omitted).

     SF Tech's Complaint fails to meet the heightened pleading requirement of Rule 9(b).

SF Tech must plead facts sufficient to support its allegations that Bayer acted "for the purpose of

deceiving the public."  35 U.S.C. § 292(a).  SF Tech has failed to do so.  With respect to Bayer,

the complaint merely alleges the following:

> 59.  Upon information and belief, Bayer makes and sells many
> kinds of products, including healthcare and pharmaceutical
> products and including its products branded "Ketostix® Reagent
> Strips for Urinalysis."  Bayer marks the packaging in which its
> Ketostix strip products are sold with "U.S. Patent No.: 4,147,514".
> Upon information and belief, U.S. Patent No. 4,147,514 expired no
> later than 11/22/1997.

> 60.  Bayer's falsely marked products are being sold in retail in 2010
> with such false markings, many years after the expiration of U.S.
> Patent No. 4,147,514.  Upon information and belief, Bayer has
> made decisions to falsely mark its products long after the
> expirations of these patents, including each time it has printed or
> otherwise created such packaging.

> 61.  Upon information and belief, Bayer marks its products with
> patents to induce the public to believe that each such product is
> protected by each patent listed and with knowledge that nothing is
> protected by an expired patent.

(*See* Compl. ¶¶ 59-61.)

1    SF Tech alleges no facts in support of its allegation that false marking was done with an

2    intent to deceive.  The only allegation touching on intent—that Bayer allegedly marked its

3    products to induce the public to believe the products were patented—is based on information and

4    belief and lacks any factual support.  Similarly, SF Tech's attempts to claim, upon information

5    and belief, that Bayer "made decisions" to mark its products after the patents expired and "had

6    knowledge that nothing is protected by an expired patent" are insufficient under Rule 9(b).  The

7    Complaint is completely devoid of any factual details, such as (1) whether the product packaging

8    bearing the patent numbers was printed before or after the patents expired, (2) when the product

9    packaging was last revised, (3) the names or job titles of those who allegedly knew of the

10   expiration of the patents and who allegedly decided to keep the patent numbers on the product, or

11   (4) any actions or statements by those persons suggesting an intent to deceive the public.  *See BIC*

12   *Corp.*, 2010 U.S. Dist. LEXIS 87656, at *34.  "[A] purpose of deceit, rather than simply

13   knowledge that a statement is false, is required."  *Pequignot*, 608 F.3d at 1363, 1365 ("Solo's

14   leaving the expired patent numbers on its products after the patents had expired, even knowingly,

15   does not show a 'purpose of deceiving the public'"); *see also Juniper Networks*, 2009 U.S. Dist.

16   LEXIS 40798, at *4 (conclusory allegations that defendant "knew" his reference to the patents

17   was "false" were insufficient to plead an intent to deceive).

18       In addition, pleading that the products were marked following the patent expiration dates

19   does not support the inference that Bayer acted with the intent to deceive the public.  *See BIC*

20   *Corp.*, 2010 U.S. Dist. LEXIS 87656, at *29 (concluding that "[t]o the extent that plaintiff is

21   arguing that BIC had knowledge that the patents were expired because the packaging of these

22   products was updated following patent expiration, this argument fails to prove [the defendant]

23   had intent to deceive the public"); *Josephs*, 2010 U.S. Dist. LEXIS 100535, at *7 (allegation that

24   defendant marked products "with knowledge that the claims of this patent do not cover one or

25   more of the products on which this patent is marked" was insufficient to support an inference of

26   intent to deceive).

27       Moreover, most of the allegations in SF Tech's Complaint with respect to Bayer are made

28   "upon information and belief" rather than with actual knowledge.  (Compl. ¶¶ 59-61.)  "Pleading

on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, *but only if the pleading sets forth specific facts upon which the belief is reasonably based*." *Exergen*, 575 F.3d at 1330 (emphasis added). "Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded." *Shroyer v. New Cingular Wireless Servs., Inc.*, 606 F.3d 658, 665 (9th Cir. 2010). SF Tech pleads no facts in support of its alleged "information and belief," and there is no support for any reasonable inference that Bayer acted for the purpose of deceiving the public. The bare-bones allegations in the Complaint fail to state with particularity the circumstances constituting fraud for a false marking claim as required by Rule 9(b).

**B.      SF Tech Failed to Sufficiently Plead Intent to Deceive Under Rule 8(a).**

Even under Rule 8(a)'s notice pleading standard, SF Tech's Complaint should be dismissed for failure to state a claim. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The factual allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). A claim has facial plausibility when it has factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 556).

The present Complaint must be dismissed because it does not provide anything other than formulaic recitations and a threadbare recital of the intent to deceive element of false marking. For example, SF Tech states that "Bayer's falsely marked products are being sold retail in 2010 with such false markings, many years after the expiration of U.S. Patent No. 4,147,514," and "[u]pon information and belief, Bayer's has made decisions to falsely mark its products long after the expirations of these patents, including each time it has printed or otherwise created such

packaging." (Compl. ¶ 60.) The allegations are not backed up with any factual matter to support a reasonable inference that there was an intent to deceive. "[M]ere labels and conclusions" are not sufficient to plead intent to deceive. *See Song v. PIL, L.L.C.*, No. 08 C 2807, 2010 U.S. Dist. LEXIS 38874, at *4 (N.D. Ill. Apr. 14, 2010) (dismissing false marking claim under Rule 8(a) because the allegations did not support a reasonable inference that defendants had the requisite intent to deceive).

Several courts have held that a plaintiff's false marking claim fails to properly plead intent to deceive under Rule 8(a), where intent to deceive has been alleged in conclusory terms, as is the case here. *See*, *e.g., Inventorprise, Inc. v. Target Corp.*, No. 09-CV-00380, 2009 U.S. Dist. LEXIS 102852, at *23 ("Even without applying the heightened pleading standard of Fed. R. Civ. P. 9(b), Plaintiff has failed to set forth sufficient facts to establish a plausible claim that, by selling the Product with a false patent number on the back of its package, Target acted with the intent to deceive the public.") (citation omitted); *Brinkmeier v. Graco Children's Prods., Inc.*, 684 F. Supp. 2d 548, 553 (D. Del. Feb. 16, 2010) (rejecting conclusory allegations under Rule 8(a) that did not contain enough factual support to suggest that the defendant acted with the requisite intent to deceive).

The plaintiff in *Brinkmeier* alleged that the defendant "knows, or should know" that its products had been falsely marked and that defendant had an intellectual property manager who "cannot have any reasonable belief that such products are protected by such patents." *Id.* The plaintiff alleged, upon information and belief, that the marking was "for the purpose of deceiving the public." *Id.* The *Brinkmeier* court rejected the false marking claims for failing to state a claim under the pleading standards of Rule 8(a): "These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions'" prohibited by *Twombly*. *Id.* The allegations set forth in SF Tech's Complaint are less substantive than those in *Brinkmeier*. Both complaints rest upon generalized statements of intent based on "information and belief." (*See* Compl. ¶¶ 59-61.) Just as the *Brinkmeier* complaint was dismissed, SF Tech's Complaint should be dismissed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.     CONCLUSION**

SF Tech's allegations regarding intent to deceive fail to meet the pleading standards under Rule 9(b) or Rule 8(a) and thus should be dismissed.

Dated: December 16, 2010          Respectfully submitted,

By:   ___/s/ Daniel P. Muino_____
          WESLEY E. OVERSON
          DANIEL P. MUINO
          DAISY DANIELLE COLEMAN

          Attorneys for Defendant
          BAYER CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 16, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45.  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.


                                   /s/  Daniel P. Muino
                                   DANIEL P. MUINO

                                   Attorney for Defendant
                                   BAYER CORPORATION

BAYER'S MOTION TO DISMISS
CASE NO. CV 10-03246 JF PVT
sf-2927763

10