WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
DANIEL P. MUINO (CA SBN 209624)
DMuino@mofo.com
DAISY DANIELLE COLEMAN (CA SBN 248456)
DColeman@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
BAYER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| San Francisco Technology Inc.,<br><br>               Plaintiff,<br><br>     v.<br><br>Bayer Corporation,<br><br>               Defendant. | Case No.: CV10-03246 JF PVT<br><br>Judge:  Hon. Jeremy Fogel<br>Date:   January 20, 2011<br>Time:   1:30 p.m.<br>Courtroom: 3, 5th Floor<br><br>**DEFENDANT BAYER CORPORATION'S REPLY IN SUPPORT OF MOTION TO TRANSFER**<br><br>Complaint Filed: July 26, 2010 |

1  On December 16, 2010, defendant Bayer Corporation ("Bayer") filed a motion to transfer the action filed by plaintiff San Francisco Technology Inc. ("SF Tech") to the Southern District of New York. The deadline for SF Tech to file its opposition was December 30, 2010. No opposition was filed. As such, SF Tech has conceded the propriety of a transfer of this action.

The Federal Circuit recently issued a precedential order granting a petition for a writ of mandamus and directed a district court to transfer an action when the plaintiff did not have a meaningful connection to the forum. *In re Microsoft Corp.*, No. 944, 2011 U.S. App. LEXIS 80 (Fed. Cir. Jan. 5, 2011). In *In re Microsoft*, the Federal Circuit rejected plaintiff's claimed connection to its preferred forum as being made in anticipation of litigation and for the likely purpose of making that forum appear convenient. *Id.* at *6. The plaintiff's offices, which were located in its preferred forum, were "recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue." *Id.* at * 8-9. Here, it appears that SF Tech's sole purpose is litigating false marking suits. The address for SF Tech's principal place of business is the same as that for its litigation counsel of record. (Declaration of Daniel P. Muino (Dkt. No. 17) ¶ 3, Ex. B.) Like the *In re Microsoft* plaintiff, SF Tech's presence in this district, created in anticipation of litigation, should be given little weight. Accordingly, Bayer respectfully requests that its motion to transfer this action to the Southern District of New York be granted.

Dated: January 6, 2011              Respectfully submitted,

                                    By:   */s/ Daniel P. Muino*
                                          WESLEY E. OVERSON
                                          DANIEL P. MUINO
                                          DAISY DANIELLE COLEMAN

                                          Attorneys for Defendant
                                          BAYER CORPORATION

BAYER'S REPLY IN SUPPORT OF MOTION TO TRANSFER
CASE NO. CV 10-03246 JF PVT                                                                    1
sf-2939322

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 6, 2011, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

        */s/ Daniel P. Muino*
        DANIEL P. MUINO

        Attorney for Defendant
        BAYER CORPORATION