WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
DANIEL P. MUINO (CA SBN 209624)
DMuino@mofo.com
DAISY DANIELLE COLEMAN (CA SBN 248456)
DColeman@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
BAYER CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| San Francisco Technology Inc.,<br><br>            Plaintiff,<br><br>  v.<br><br>Bayer Corporation,<br><br>            Defendant. | Case No.: CV10-03246 JF PVT<br><br>Judge:    Hon. Jeremy Fogel<br>Date:     January 20, 2011<br>Time:    1:30 p.m.<br>Courtroom: 3, 5th Floor<br><br>**DEFENDANT BAYER CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Complaint Filed: July 26, 2010 |

## I. INTRODUCTION

*Qui tam* plaintiff San Francisco Technology Inc. ("SF Tech") alleges violations of 35 U.S.C. § 292, the false patent marking statute. SF Tech's Complaint is based solely on the purported failure by defendant Bayer Corporation ("Bayer") to remove patent markings from a covered product after the patent expired. SF Tech alleges that Bayer has falsely marked its Ketostix products with an expired patent with an intent to deceive the public.

Bayer has moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because SF Tech failed to allege facts sufficient to give rise to an inference of an intent to deceive, which is a required element of false marking. In opposition to Bayer's motion, SF Tech contends that a claim for false patent marking need not be pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Alternatively, SF Tech argues that its Complaint is pled with sufficient particularity to satisfy Rule 9(b). SF Tech is wrong on both counts. As recognized by the Federal Circuit in *Pequignot v. Solo Cup*, 608 F.3d 1356, 1363 (Fed. Cir. 2010), false patent marking is a fraud-based claim. Accordingly, SF Tech's false marking claim is subject to the heightened pleading requirement of Rule 9(b). But even under the general pleading requirement of Rule 8 of the Federal Rules of Civil Procedure, SF Tech's Complaint fails to adequately plead that Bayer intended to deceive the public when it marked its products. For these reasons, Bayer's motion to dismiss should be granted.

## II. ARGUMENT

### A. Under the Appropriate Rule 9 Standard, SF Tech's Complaint Fails.

While SF Tech goes to great lengths to highlight the district court opinions that have allowed conclusory false marking pleadings, it summarily dismisses the substantial body of authority, particularly in the Ninth Circuit, that holds that claims of false patent marking must satisfy the heightened pleading standard of Rule 9(b). SF Tech's Complaint fails to satisfy that standard.

SF Tech primarily relies on the Eastern District of Texas decision, *Astec America, Inc. v. Power-One, Inc.*, to argue that Rule 8 rather than Rule 9 should apply to false marking claims.

1  The *Astec* court noted that the defendant provided no case authority showing that Rule 9(b)
2  applied to its false marking claim. *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-464, 2008
3  U.S. Dist. LEXIS 30365, at *33-34 (E.D. Tex. Apr. 11, 2008). The *Astec* court suggested instead
4  that Rule 8 applied, and concluded that the plaintiff did not need to plead any greater specificity
5  than to identify the defendant as the corporate entity responsible for the false marking. *Id.*[1]

6  The *Astec* decision predates recent Federal Circuit law supporting the application of
7  Rule 9(b) to false marking claims. The Federal Circuit recently remanded a false marking case
8  specifically instructing the district court to address the merits of a motion to dismiss on the
9  ground that the complaint failed to state a claim under Rule 9(b). *See Stauffer v. Brooks Bros.*,
10 619 F.3d 1321, 1328 (Fed. Cir. 2010). Additionally, the Federal Circuit has characterized the
11 intent required for false marking as "fraudulent" intent. *See Pequignot*, 608 F.3d 1356, 1363
12 ("the fact of misrepresentation coupled with proof that the party making it had knowledge of its
13 falsity is enough to warrant drawing the inference that there was a fraudulent intent") (quoting
14 *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)).

15 In addition, district courts in the Ninth Circuit repeatedly have applied Rule 9(b) to false
16 marking claims. *See, e.g.*, *Juniper Networks v. Shipley*, No. 09-0696 SBA, 2009 U.S. Dist.
17 LEXIS 40978, at *11 (N.D. Cal. May 14, 2009); *U.S. ex rel. Carver v. Factor Nutrition Labs,*
18 *LLC*, No. 10-02529 CW, 2010 U.S. Dist. LEXIS 133690, at *5 (N.D. Cal. Dec. 7, 2010).
19 Supporting its decision to apply Rule 9(b) to false marking claims, the district court in *Juniper*
20 *Networks* cited Ninth Circuit authorities stating that claims involving an intent to deceive and
21 sounding in fraud are subject to the particularity requirement of Rule 9(b). *Juniper Networks*,
22 2009 U.S. Dist. LEXIS 40978 at *11 (citing *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982,
23 987 (9th Cir. 2008); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)).

---

[1] SF Tech also relies on *Simonian v. Oreck* and *FLFMC v. Ace Hardware* to argue that its complaint is sufficient, but both decisions are inapposite. The former addressed the Rule 9(b) standard for the Seventh Circuit, which merely requires that the plaintiff provide a general outline of the alleged fraud scheme. *Simonian v. Oreck Corp.*, No. 10 C 1224, 2010 U.S. Dist. LEXIS 86832, at *11-12 (N.D. Ill. Aug. 23, 2010). The latter applied the liberal pleading standard of Rule 8 without even considering the applicability of Rule 9. *U.S. ex rel. FLFMC, LLC. v. Ace Hardware Corp.*, No. 10cv0229, 2010 U.S. Dist. LEXIS 45453, at *7-8 (W.D. Pa. May 7, 2010).

BAYER'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. CV 10-03246 JF PVT
sf- 2938280

2

1  The *Juniper Networks* court also specifically distinguished the *Astec* decision. The *Juniper*
2  *Networks* court stated, "[s]etting aside the *Astec* court's failure to cite any compelling authority or
3  provide analysis to support [the suggestion that Rule 9(b) does not apply], the Court notes, as
4  discussed above, that in [the Ninth] Circuit fraud-based claims are subject to Rule 9(b)." *Juniper*
5  *Networks*, 2009 U.S. Dist. LEXIS 40978 at *11 n.3. For the reasons identified in *Juniper*
6  *Networks*, the *Astec* decision should not be followed on the issue of whether Rule 9(b) applies.

7  Further arguing that false marking claims are not "fraud" claims subject to Rule 9(b),
8  SF Tech cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). *See* Opp'n (Dkt. No. 19) at 8.
9  In *Swierkiewicz*, the Supreme Court held that Rule 9(b) was not applicable in employment
10 discrimination cases. *Id*. at 513. That decision did not address the applicability of Rule 9(b) to
11 false marking claims.

12 SF Tech next asserts that *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312
13 (Fed. Cir. 2009), does not provide guidance on the applicability of Rule 9(b) to false marking
14 claims. (Opp'n at 8.) Contrary to SF Tech's assertion, *Exergen* is indeed relevant to the present
15 motion. *Exergen* lays out the framework for pleading fraud-based patent claims with
16 particularity. Like inequitable conduct claims, false marking claims involve allegations that a
17 party acted with an intent to deceive. *Id.* at 1326-27. Furthermore, other courts have relied on
18 *Exergen* when applying Rule 9(b) to false marking claims. *See, e.g.*, *Brinkmeier v. BIC Corp.*,
19 No. 09-860-SLR, 2010 U.S. Dist. LEXIS 87656, at *26, 34-35 (D. Del. Aug. 25, 2010);
20 *Hollander v. Etymotic Research Inc.*, No. 10-526, 2010 U.S. Dist. LEXIS 71071, at *18 (E.D. Pa.
21 July 14, 2010).

22 Applying the Rule 9(b) standard to SF Tech's Complaint, the allegations fail to meet the
23 heightened pleading standard. "[A]lthough 'knowledge' and 'intent' may be averred generally, a
24 pleading . . . under Rule 9(b) must include sufficient allegations of underlying facts from which a
25 court may reasonably infer that" the requisite specific intent to deceive is present. *Exergen*, 575
26 F.3d at 1328-29. SF Tech's Complaint recites no facts to show that Bayer intentionally attempted
27 to deceive the public. Courts have applied Rule 9(b) and dismissed complaints with false
28 marking allegations like those here. *See, e.g.*, *BIC Corp.*, 2010 U.S. Dist. LEXIS 87656, at *33-

1   35 (concluding that allegations the defendant knew its patents had expired did not support an
2   inference of an intent to deceive when no facts were pled to show an intent to deceive);
3   *Hollander*, 2010 U.S. Dist. LEXIS 71071, at *16-17 (finding allegations sufficiently pleading a
4   misrepresentation did not support an inference of intent to deceive when specific facts regarding
5   knowledge or intent were absent).

6       For example, in *Hollander*, the plaintiff alleged the following: (1) the defendant knew
7   that patents have limited duration; (2) the patents at issue expired; and (3) the defendant
8   continued to mark its products with those patents after expiration. 2010 U.S. Dist. LEXIS 71071,
9   at *17. The *Hollander* court concluded that "[t]hose allegations do not sufficiently articulate
10  knowledge of falsity or intent to deceive because Defendant's knowledge of the limited duration
11  of patents and the actual expiration of the patents do not create an inference that Defendant knew
12  that the patents at issue actually expired." *Id.* The court further held that the allegations based on
13  information and belief were insufficient because the plaintiff failed to set forth specific facts upon
14  which such belief was reasonably based. *Id.* at *17-18. Like the plaintiff in *Hollander*, SF Tech
15  alleges that Bayer's Ketostix products are being sold with patent markings many years after the
16  patent expired. SF Tech further alleges, upon information and belief, that (1) Bayer made
17  decisions to falsely mark its products after the patents expired; and (2) Bayer marked its products
18  with knowledge that nothing is protected by an expired patent. (Compl. (Dkt. No. 1) ¶¶ 59-61.)
19  The allegations in the Complaint here provide no more facts than the complaint in *Hollander*, and
20  thus do not support any inference of an intent to deceive. Instead, the allegations are merely
21  conclusory and devoid of factual details.

22      SF Tech incorrectly interprets recent false marking cases as allowing a multilayered series
23  of inferences to construct a false marking claim. (Opp'n at 13 (citing *Pequignot*, 608 F.3d at
24  1361).) *Pequignot* does not stand for the proposition that the mere suggestion that a defendant
25  knew or should have known of the falsity of the marking is enough to support an inference of an
26  intent to deceive. In fact, *Pequignot* clearly states that "[b]ecause [§ 292] requires that the false
27  marker act 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply
28  knowledge that a statement is false, is required." 608 F.3d at 1363. As such, the false marking

1  statute requires intent to deceive the public, not simply intent to mark a product with an expired
2  patent. Thus, SF Tech's bare allegations that Bayer marked its patents on its products with
3  knowledge that the patents were expired do not support an inference of an intent to deceive.
4  Accordingly, SF Tech's Complaint should be dismissed.

5  Lastly, SF Tech points to Judge Seeborg's comments during a hearing in another false
6  marking case and contends that Judge Seeborg previously concluded that SF Tech's allegations
7  were sufficient. Judge Seeborg, however, clarified that his comments represented his "initial
8  reaction" and "initial read" and were made prior to the parties presenting their oral arguments at
9  the hearing. (Req. for Judicial Not. (Dkt. No. 20) Exh. 1 at 9:10, 9:25.) In an order following the
10 hearing, Judge Seeborg stated that the "Court expressed some *tentative* and general views
11 regarding the motions to dismiss." *SF Tech. v. Adobe Sys. Inc.*, No. C 09-6083 RS, 2010 U.S.
12 Dist. LEXIS 40216, at *8 (N.D. Cal. Apr. 13, 2010) (emphasis added). Ultimately, Judge
13 Seeborg's order stayed the action and denied the motions to dismiss without prejudice and
14 without addressing the sufficiency of the complaint. *Id.* at *14-15.

15 **B.     Even Under Rule 8, SF Tech's Allegations Are Insufficient.**

16 Even under Rule 8(a)'s notice pleading standard, SF Tech's Complaint should be
17 dismissed for failure to state a claim because the Complaint lacks factual content that would
18 suggest the requisite intent to deceive. "Rule 8(a)(2) still requires a 'showing,' rather than a
19 blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3
20 (2007). Specifically, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
21 relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
22 cause of action will not do." *Id.* at 555 (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct.
23 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere
24 conclusory statements, do not suffice.").

25 Contrary to the requirements of Rule 8, SF Tech's Complaint sets forth legal conclusions
26 couched as factual allegations. The Complaint merely states that, based on information and
27 belief, Bayer decided to mark its products after the expiration date, the products have been sold
28

BAYER'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. CV 10-03246 JF PVT
sf- 2938280

5

1  with the markings after the patent expired, and Bayer intended to deceive the public by falsely
2  marking its products with expired patents. (Compl. ¶¶ 59-61.) Such conclusory allegations
3  should not survive a motion to dismiss. SF Tech pleads no facts regarding the patents, people, or
4  products involved to support its allegations of an intent to deceive. Such a deficient Complaint
5  should be dismissed. *See, e.g.*, *Brinkmeier v. Graco Children's Prods. Inc.*, 684 F. Supp. 2d 548,
6  553 (D. Del. 2010) (dismissing false marking complaint that included conclusory allegations that
7  did not contain enough factual matter to suggest an intent to deceive); *Accord Patents, LLC v.
8  Superfeet Worldwide, Inc.*, No. 1:10-CV-862-TCB, 2010 U.S. Dist LEXIS 112565, at *5 (N.D.
9  Ga. Oct. 19, 2010) (dismissing false marking complaint that failed to allege any facts to plausibly
10 support an intent to deceive); *Patent Compliance Group, Inc. v. Wright Med. Tech., Inc.*, No.
11 3:10-CV-289-K, 2010 U.S. Dist. LEXIS 102300, at *1 (N.D. Tex. Sept. 27, 2010) (dismissing
12 false marking complaint for failure to provide specific facts in support of conclusory allegations
13 of intent to deceive).

## III.  CONCLUSION

For the foregoing reasons, SF Tech's Complaint fails to meet the pleading standards under Rule 9(b) or 8(a) and should be dismissed under Rule 12(b)(6) for failure to state a claim.

Dated: January 6, 2011                    Respectfully submitted,

                                          By:  */s/ Daniel P. Muino*
                                               WESLEY E. OVERSON
                                               DANIEL P. MUINO
                                               DAISY DANIELLE COLEMAN

                                               Attorneys for Defendant
                                               BAYER CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 6, 2011, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

*/s/ Daniel P. Muino*
DANIEL P. MUINO

Attorney for Defendant
BAYER CORPORATION